Hall, Judge.
 

 The objection, which the Defendant makes to the competency of the witness
 
 Bollerhide,
 
 is not founded on his examination in chief, nor on his
 
 voir dire,
 
 but rests for its support altogether on the receipt which liad been given by the witness and the Plaintiff to the .Defendant, in which receipt they promise to return certain money then paid to them, in case it should appear that the testator’s estate did not legally owe it.— Afterwards this suit was brought for money had and received by Defendant’s testator to the Plaintiff’s use $ and on the threshold of the trialj objection is made, on the ground of interest, to the competency of
 
 Bollerhide.
 

 So far as appeared to the Court at that stage of the trial, (and we are placed in the same situation,) the money sued for had no connexion with the money for which the receipt was given. Whether the Plaintiff recovers in this action or not, that fact neither increases nor diminishes the responsibility of those who gave the receipt.
 

 If the present Defendant had sued
 
 Smith,
 
 the present Plaintiff, to recover the money recited in the receipt, as ‘‘not being legally due by his testator,” and
 
 Bollerhide
 
 
 *254
 
 jia(] been offered by
 
 Smith
 
 as a witness, his incomp&r tency would have been apparent. But it cannot be ta,- " 1 ken for granted without proof, that
 
 Dollerhide
 
 is a partner
 
 Smith
 
 in this transaction, because it appears from a receipt, that he was in a former. When that shall be made to appear, his incompetency will be established.
 

 Per Curiam. — Let the judgment below be affirmed.